UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE SPENCER,

       Petitioner,

v.                                                                  CASE NO. 04-CV-70674-DT
                                                                    HONORABLE AVERN COHN
RAYMOND BOOKER,

       Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

### I. Introduction

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Jesse Spencer has been convicted of second-degree murder and sentenced to twenty to forth years imprisonment. He claims that he was denied a fair sentencing hearing and effective assistance of counsel. Respondent urges the Court to deny the petition. Although the Court believes the trial court miscalculated the state sentencing guidelines, the trial court's adjudication of Petitioner's claims on the merits did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Thus, the habeas petition must be denied. The reasons follow.

### II. Background

In 1997, Petitioner was found guilty by a jury in Wayne County, Michigan of second-degree murder, MICH. COMP. LAWS §750.317. The conviction arose from the brutal beating of Buford Hughes, an invalid who lived with Petitioner's mother. The

primary defense was that Petitioner was not guilty because he acted in self defense. On August 15, 1997, the trial court sentenced Petitioner to twenty to forty years imprisonment.

On appeal from his convictions, Petitioner alleged that (1) the trial court improperly excluded evidence of a cut on Petitioner's right hand; (2) the lack of a jury instruction on involuntary manslaughter was reversible error, and (3) the prosecutor made an improper statement regarding his personal belief in Petitioner's guilt. The Michigan Court of Appeals was unpersuaded by Petitioner's arguments and affirmed his convictions in an unpublished per curiam opinion. See People v. Spencer, No. 207467 (Mich. Ct. App. May 7, 1999).

Petitioner raised the same issues, plus an additional claim about trial counsel's failure to object to the prosecutor's remark, in an application for leave to appeal in the Michigan Supreme Court. The Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. See People v. Spencer, 605 N.W.2d 317 (1999).

On November 9, 2000, Petitioner filed a motion for relief from judgment in which he raised the same three issues that he presented to the Michigan Court of Appeals in his appeal of right. He also alleged that he was denied a fair sentencing hearing and effective assistance of counsel because: (1) trial counsel failed to object to the scoring of prior record variable 2 (PRV 2); (2) the trial court failed to articulate its reasons for the sentence; (3) the presentence information report (PSIR) and sentencing information report (SIR) were not corrected, following successful challenges to the scoring of certain variables, before they were submitted to the Michigan Department of Corrections; and

(4) appellate counsel failed to raise meritorious sentencing issues and failed to present other issues as constitutional issues on direct appeal.  The trial court found no merit in any of Petitioner's claims and denied his motion for relief from judgment.

Petitioner appealed the trial court's decision, alleging that: (1) he was denied effective assistance of counsel at his sentencing hearing, (2) the trial court relied on incorrect information when sentencing him; (3) he possessed a constitutional right to have successfully challenged information deleted from his PSIR and SIR; and (4) he was deprived of due process when the trial court refused to review issues that he had raised on direct appeal.  The Michigan Court of Appeals denied leave to appeal "for failure to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)."  People v. Spencer, No. 242975 (Mich. Ct. App. Mar. 27, 2003).

On appeal to the Michigan Supreme Court, Petitioner raised the issues that he had presented in his motion for relief from judgment and in his application for leave to appeal in the Michigan Court of Appeals.  On October 31, 2003, the Michigan Supreme Court, like the Court of Appeals, denied leave to appeal for failure "to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)."  People v. Spencer, 670 N.W.2d 674 (2003).

Petitioner filed his pro se habeas corpus petition on February 24, 2004.  The grounds for relief and supporting facts read:

I. Contrary to Const 1963, Art 6, Sec 6, Petitioner was denied review of a meritorious claim of ineffective assistance of appellate counsel when the Michigan courts did not give 'facts and reasons' under this mandate.

The only time a claim of ineffective appeal counsel can be raised is post-appeal of right.

>No Michigan court has reached the merits of Petitioner's claim by addressing facts and reasons of whether appellate counsel[']s performance was deficient, and the deficiency prejudiced the appeal of right.
>
>In Art 6, Sec 6, the mandatory language creates a liberty interest protected by the Fourteenth Amendment from capricious refusal of the Supreme Court to give facts and reasons.  See App. 90-94.

II. The U.S. Supreme Court abrogated the procedural default rule for claims of ineffective counsel; the MI Supreme Court should follow this example to avoid a judicial catastrophe.

>Michigan Courts use their procedural default rule (MCR 6.500, et. seq.) to cloak widespread, systemic, instances of ineffective assistance of appellate . . . counsel claims.  By not addressing the merits of these challenges, Michigan puts a cloak of invisibility over the last step that determines an individual[']s guilt or innocence - whether the conviction is in accord with law.
>
>Hundreds, perhaps thousands, of Michigan prison[ers] have not had a determination of their guilt or innocence, by the court[']s refusal to hold an evidentiary hearing regarding claims of ineffective appe[llate] counsel.  App. 95-98, and the appendix 99-107.

III. The trial court err[ed] when it failed to find appellant was denied the effective assistance of counsel under U.S. Const, AMS VI, XIV, in a post-appeal motion brought challenging his sentence hearing.  See App. 78-82.

IV. The trial court err[ed] when it failed [to determine], in a post-appeal motion, that appella[n]t was denied a fair sentencing hearing when that hearing was based o[n] information that has been shown to be erroneous.

V. Appellant has a constitutional right under U.S. CONST. AM XIV to have successfully challeng[ed] information deleted from his [reports] submitted to the Department of Corrections.  See App 84-85.

VI. The trial court denied appellant his due process rights when it refused to review and rule on appellant's post-appeal

4

>challenges to trial errors that were first raised on direct appeal, but subsequently raised in the post-appeal, under the Constitutional aspect appellate counsel failed to proffer on direct appeal. See App. 85-86; App 14-23, incorporated by reference.

Respondent urges the Court to dismiss Petitioner's claims as procedurally defaulted, not cognizable, or lacking in merit.

### III. Discussion

### A. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

"[A] federal habeas court making the 'unreasonable application' inquiry should

ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

### B. Lack of State Court Review

The first habeas claim alleges that the state courts deprived Petitioner of judicial review of a meritorious claim about appellate counsel. Petitioner alleges that the Michigan Supreme Court did not provide any "facts or reasons" for its October 31, 2003, decision and that the court's decision was mere boilerplate language, which fell woefully short of the mandate set forth in the Michigan Constitution.

Petitioner relies on Article 6, Section 6, of the Michigan Constitution, which provides that

> [d]ecisions of the supreme court, including all decisions on prerogative writs, shall be in writing and shall contain a concise statement of the facts and reasons for each decision and reasons for each denial of leave to appeal. When a judge dissents in whole or in part he shall give in writing the reasons for his dissent.

MICH. CONST. art. 6, § 6.

The Michigan Supreme Court did state in its order dated October 31, 2003, that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). The alleged failure to provide additional "facts and reasons," as mandated by the Michigan Constitution, is not a basis for habeas relief. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "[A] federal [habeas] court is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam )." Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Furthermore, Petitioner had no constitutional right to state collateral review of his conviction in the first place. Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 1996) (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)). Thus, Petitioner is not entitled to habeas relief on the basis of the Michigan Supreme Court's alleged failure to provide any facts or reasons for its decision.

### C.  Avoidance of Claim

Petitioner's second habeas claim is similar to his first claim. He alleges that the United States Supreme Court abrogated the procedural default rule for claims of ineffective assistance of counsel, and the Michigan Supreme Court should do likewise. According to Petitioner, the state courts use subchapter 6.500 of the Michigan Court Rules to avoid addressing claims of alleged ineffective assistance of appellate counsel.

Although the trial court did not address Petitioner's claim about appellate counsel in its decision denying Petitioner's motion for relief from judgment, Petitioner was not precluded from raising his claim on state collateral review. Moreover, the failure to address Petitioner's claim did not violate the Constitution, because Petitioner had no federal constitutional right to state collateral review. Montgomery v. Meloy, 90 F.3d at 1206.

Petitioner's claim that the state courts refused to hold an evidentiary hearing on his claim of ineffective assistance of appellate counsel likewise has no merit. A state court's decision not to grant an evidentiary hearing is a matter of state law. Lawrie v. Snyder, 9 F. Supp. 2d 428, 449 (D. Del. 1998). In Michigan, the decision whether to

grant an evidentiary hearing is discretionary. See Mich. Ct. R. 6.508(B) (stating that "[a]fter reviewing the motion [for relief from judgment] and response, the record, and the expanded record, if any, the court shall determine whether an evidentiary hearing is required. If the court decides that an evidentiary hearing is not required, it may rule on the motion or, in its discretion, afford the parties an opportunity for oral argument.") Because federal habeas corpus relief does not lie for alleged errors of state law, Lewis v. Jeffers, 497 U.S. at 780, Petitioner's second claim has no merit.

### D. Trial Counsel

The third habeas claim alleges that Petitioner was denied his constitutional right to the effective assistance of trial counsel.[1] Petitioner contends that his attorney failed to point out at sentencing that PRV 2 was incorrectly scored at 25 points.

Petitioner's claim that his attorney provided ineffective assistance at sentencing involves a challenge to specific aspects of counsel's representation. Therefore, the

---

[1] Respondent asserts that this claim is procedurally defaulted because Petitioner failed to raise the claim on direct review of his convictions, and when he raised it on state collateral review, the state appellate courts rejected the claim pursuant to Michigan Court Rule 6.508(D). Respondent correctly notes that, in Simpson v. Jones, 238 F.3d 399, 407-08 (2002), the Court of Appeals for the Sixth Circuit found the Michigan Supreme Court's reliance on Rule 6.508(D) was sufficient for a federal habeas court to conclude that the decision rested on an adequate and independent state procedural bar. More recently, however, the Sixth Circuit held that a claim is not procedurally defaulted where the Michigan Supreme Court relies upon Rule 6.508(D) without a clear and express invocation of a procedural bar and where the only state court to provide a reasoned opinion adjudicated the petitioner's claim on the merits. See Abela v. Martin, 380 F.3d 915 at 921-24 (6th Cir. 2004).

Although the Michigan Court of Appeals and the Michigan Supreme Court addressed Petitioner's ineffectiveness claim on the basis of Michigan Court Rule 6.508(D), the trial court determined that Petitioner's claims had no merit. The trial court made no mention of Rule 6.508(D)(3) when denying Petitioner's motion for relief from judgment. This Court therefore concludes that Petitioner's claim is not procedurally defaulted.

claim is governed by Strickland v. Washington, 466 U.S. 668 (1984). Bell v. Cone, 535 U.S. 685, 697-98 (2002). In Strickland, the Supreme Court

> announced a two-part test for evaluating claims that a defendant's counsel performed so incompetently in his or her representation of a defendant that the defendant's sentence or conviction should be reversed. [The Supreme Court] reasoned that there would be a sufficient indication that counsel's assistance was defective enough to undermine confidence in a proceeding's result if the defendant proved two things: first, that counsel's "representation fell below an objective standard of reasonableness," 466 U.S., at 688, 104 S. Ct. 2052; and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id., at 694, 104 S. Ct. 2052. Without proof of both deficient performance and prejudice to the defense, we concluded, it could not be said that the sentence or conviction "resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable," id., at 687, 104 S. Ct. 2052, and the sentence or conviction should stand.

Id. at 695.

### 1. PRV 2 and Counsel's Performance

In Michigan, if ten or more years elapsed between the date on which a prisoner is discharged from a prior conviction and the date of his or her next offense, the prior conviction may not be used in scoring PRV 2. MICH. COMP. LAWS § 777.50(1). Petitioner contends that more than ten years expired between the date he was discharged from his previous conviction and the date of the offense in this case.

The state official who prepared Petitioner's PSIR and SIR scored 25 points for PRV 2 because Petitioner was convicted in 1981 of larceny from the person. The sentence for that conviction was six months to ten years in prison. An exhibit to Petitioner's reply brief indicates that Petitioner was released on parole on September

21, 1981, and discharged from parole on September 21, 1983.[2] In 1984, Petitioner was convicted of breaking and entering and sentenced to four months in custody. Petitioner alleges that he was released from that sentence in January of 1985.

The offense in this case occurred on January 17, 1997. Thus, the facts as alleged by Petitioner indicate that more than ten years expired between Petitioner's discharge from his prior convictions and the date of the offense in this case.

Defense counsel did not dispute the scoring of PRV 2 at sentencing. Petitioner raised the issue for the first time in his motion for relief from judgment. The prosecutor argued in response that PRV 2 was properly scored because it appeared that Petitioner was not discharged from parole for his 1981 conviction until 1991, the date of the completion of the statutory maximum sentence for his larceny conviction. The prosecutor concluded that Petitioner was not conviction-free for ten years. The prosecutor further concluded that Petitioner's claim lacked merit because his sentence fell within the sentencing guidelines even if PRV 2 were scored as Petitioner claimed it should be. The trial court adopted this reasoning in its order denying Petitioner's motion for relief from judgment and concluded that Petitioner was not denied effective assistance of counsel.

This Court has concluded from the record that Petitioner was conviction-free for more than ten years before the murder in this case. Petitioner estimates that, if PRV 2 had been scored at zero instead of twenty-five points, the guidelines would have been

---

[2] The Court has independently verified through the Offender Tracking Information System of the Michigan Department of Corrections that Petitioner was discharged from his larceny conviction on September 21, 1983.

96 to 300 months (eight to twenty-five years), instead of 180 to 360 months (fifteen to thirty years).[3]  Petitioner calculates that his minimum sentence of twenty years might have been six months shorter if PRV 2 had been scored correctly.

The Court agrees that trial counsel should have challenged the scoring of PRV 2. The Court nevertheless concludes for the following reasons that trial counsel's allegedly deficient performance did not prejudice Petitioner.

### 2.  Prejudice

In Glover v. United States, 531 U.S. 198 (2001), the petitioner's sentencing guidelines were scored at seventy-eight to ninety-seven months.  At a sentencing hearing, Glover's attorneys failed to raise a substantial objection to the Government's contention that Glover's offenses should not be grouped together for purposes of scoring the sentencing guidelines.  The trial court agreed with the Government and ruled that the offenses should not be grouped.  Glover was sentenced to eighty-four months in prison.  His attorneys did not raise the grouping issue on appeal, and the Seventh Circuit affirmed Glover's conviction and sentence.

Glover then filed a *pro se* motion to correct his sentence under 28 U.S.C. § 2255. He argued that his offense level would have been two levels lower and would have yielded a guidelines sentence range of sixty-three to seventy-eight months if his attorneys had pressed the grouping issue.  According to him, his eighty-four–month sentence was an unlawful increase.

The Supreme Court stated that, "[a]though the amount by which a defendant's

---

[3] Respondent contends that, if Petitioner is correct, the guidelines would be 120 to 300 months (ten to twenty-five years).

11

sentence is increased by a particular decision may be a factor to consider in determining whether counsel's performance in failing to argue the point constitutes ineffective assistance, under a determinate system of constrained discretion such as the Sentencing Guidelines it cannot serve as a bar to a showing of prejudice." Id. at 204. The Supreme Court expressed no opinion on the ultimate merits of Glover's claim because the question of deficient performance was not pending before the Court. The Supreme Court stated, however, that "it is clear that prejudice flowed from the asserted error in sentencing." Id. Glover was prejudiced by the sentencing error in that his eighty-four month sentence was anywhere from six to twenty-one months more than the sentence he would have received if the sentencing guidelines had been correctly scored at sixty three to seventy-eight months.

Similarly, in People v. Kimble, 684 N.W.2d 669 (2004), the Michigan Supreme Court concluded that the defendant was entitled to resentencing because the trial court improperly scored an offense variable and the defendant's minimum sentence, as a result, exceeded the properly scored guidelines range. See also People v. Benitez, No. 161357, 1996 WL 33364309, at *2 (Mich. Ct. App. May 17, 1996) (concluding that the defendant was entitled to re-sentencing because the trial court erred in scoring PRV 2 and the defendant's sentences fell outside the corrected guidelines range) (unpublished decision).

Petitioner's case is distinguishable from Glover, Kimble, and Benitez, in that his minimum sentence of twenty years fell within the guidelines of eight to twenty-five years, as calculated by Petitioner after scoring PRV 2 at zero instead of twenty-five points. Moreover, the trial court stated in its order denying Petitioner's motion for relief from

judgment that Petitioner's sentence was valid and within the guidelines. Because it appears that the court would have imposed the same sentence even if PRV 2 had been scored zero, and because Petitioner's minimum sentence falls within the minimum sentencing guidelines as recalculated by Petitioner, resentencing is not warranted. People v. Ray, No. 240843, 2003 WL 22092589, at *4-5 (Mich. Ct. App. Sept. 9, 2003) (unpublished opinion) (citing People v. Mutchie, 658 N.W.2d 154 (2003), and People v. Mutchie, 650 N.W.2d 733 (2002)).

Petitioner has failed to show that prejudice flowed from the asserted error at sentencing. Even assuming that trial counsel's performance was deficient, he cannot show that the alleged deficient performance prejudiced him. As such, trial counsel cannot be said to have been constitutionally ineffective. Therefore, the trial court's conclusion that Petitioner was not denied the effective assistance of counsel was not contrary to, or an unreasonable application of, Strickland.

### E. Information Relied Upon at Sentencing

The fourth habeas claim alleges that Petitioner was denied a fair sentencing hearing because the trial court relied on incorrect information. The allegedly incorrect information concerned Petitioner's prior conviction, which was used to score PRV 2 at 25 points. As explained above, Petitioner believes he was discharged from the sentences for his prior convictions more than ten years before he committed the offense in this case, and, therefore, PRV 2 should have been scored at zero.

The contention that the trial court misinterpreted the Michigan Sentencing Guidelines is not a federal constitutional claim cognizable under § 2254. Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). And "it is not the province of a

13

federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. at 67-68.

However, due process is violated when the sentencing judge relies on extensively and materially false information, which Petitioner had no opportunity. See Townsend v. Burke, 334 U.S. 736, 741 (1948); see also Roberts v. United States, 445 U.S. 552, 556 (1980) ("We have . . . sustained due process objections to sentences imposed on the basis of 'misinformation of constitutional magnitude'") (quoting United States v. Tucker, 404 U.S. 443, 447 (1972)). To prevail on his claim, Petitioner must demonstrate that the disputed information was materially false and that the trial court relied on the information. Collins v. Buchkoe, 493 F.2d 343, 345-46 (6th Cir. 1974).

As explained above, it appears that the trial court relied on incorrect information when it concluded that Petitioner was not discharged from his previous conviction until 1991. Petitioner has shown that he was discharged in 1983.

The allegedly false information, however, was not material. Petitioner's minimum sentence of twenty years fell within the guideline range calculated by Petitioner, and the trial court arguably would have imposed the same sentence if PRV 2 had been scored at zero. Therefore, Petitioner's right to due process was not violated, and he is not entitled to the writ of habeas corpus on the basis of his fourth claim.

### F. Information Contained in State Reports

Petitioner successfully attacked the scoring of offense variable 9 at his sentencing hearing, and the trial court granted Petitioner's request to assess zero

points, as opposed to ten points, for offense variable 9. Petitioner also established at sentencing that he had additional employment, which was not listed on the PSIR. The trial court agreed to have the PSIR reflect the additional employment. (Tr. Aug. 15, 1997, at 220-21.)

Petitioner contends in his fifth habeas claim that the PSIR and SIR were not corrected before the reports were sent to the Michigan Department of Corrections. He claims to possess a constitutional right to have the incorrect information deleted from the reports.

> Michigan Court Rule 6.425(D)(3) provides that, if the trial court
>
> finds merit in the challenge [to information in the PSIR] or determines that it will not take the challenged information into account in sentencing, it must direct the probation officer to
>
> (a) correct or deleted the challenged information in the report, whichever is appropriate, and
>
> (b) provide defendant's lawyer with an opportunity to review the corrected report before it is sent to the Department of Corrections.

Mich. Ct. R. 6.425(D)(3).

The alleged failure to abide with this state court rule is not a basis for habeas corpus relief. Lewis v. Jeffers, 497 U.S. at 780; Estelle v. McGuire, 502 U.S. at 68. And although Petitioner claims to possess a right to have inaccuracies deleted from a file maintained by the Department of Corrections, he has not shown that the false information was used to deprive him of any liberty, such as parole or probation. Unless the Department of Corrections has violated a duty which it owes to Plaintiff, it has not injured him. Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980). The mere existence of an inaccuracy in departmental files is insufficient to state a claim of a constitutional

15

injury. Id. (citing Paul v. Davis, 424 U.S. 693, 712-24 (1976)).

### G.  Issues Raised on Direct Review and in the Post-Judgment Motion

The sixth and final habeas claim alleges that the trial court denied Petitioner his right to due process when the court declined to adjudicate claims that Petitioner raised on direct appeal. Petitioner raised an evidentiary issue, a claim about the jury instructions, and a challenge to the prosecutor's closing argument in his appeal of right. The Michigan Court of Appeals determined that: (1) the trial court did not abuse its discretion in excluding evidence of the cut on Petitioner's hand; (2) the trial court did not err in denying Petitioner's request for an instruction on involuntary manslaughter; and (3) manifest injustice would not result from the court's failure to review Petitioner's unpreserved claim about the prosecutor's comments.

Petitioner raised the same issues in his motion for relief from judgment. The trial court rejected the claims because Michigan Court Rule 6.508(D)(2) precludes courts from granting relief if a motion alleges grounds for relief that were decided against the defendant in a prior appeal unless the defendant establishes a retroactive change in the law. Petitioner had not alleged a retroactive change in the law. Therefore, the trial court properly declined to address Petitioner's claims. No due process violation occurred because the Michigan Court of Appeals addressed the issues in Petitioner's appeal of right.

## IV. Conclusion

As stated above, Petitioner's state law claims are not cognizable on habeas review, and his federal constitutional claims have no merit. Accordingly, the petition under 28 U.S.C. § 2254 is **DENIED**.

**SO ORDERED**.

Dated: June 01, 2005

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, June 1, 2005, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160