UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE SPENCER,

       Petitioner,

v.                                    CASE NO. 04-CV-70674
                                    HONORABLE AVERN COHN

RAYMOND BOOKER,

       Respondent.
_____/

## ORDER GRANTING IN PART A CERTIFICATE OF APPEALABILITY

I.

This is a habeas corpus case under 28 U.S.C. § 2254.  Petitioner Jesse Spencer has been convicted of second-degree murder and sentenced to twenty to forty years imprisonment.  He claims that he was denied a fair sentencing hearing and effective assistance of counsel.  Petitioner raised the following habeas claims:

I.     Contrary to Const 1963, Art 6, Sec 6, Petitioner was denied review of a meritorious claim of ineffective assistance of appellate counsel when the Michigan courts did not give 'facts and reasons' under this mandate.

II.    The U.S. Supreme Court abrogated the procedural default rule for claims of ineffective counsel; the MI Supreme Court should follow this example to avoid a judicial catastrophe.

III.   The trial court err[ed] when it failed to find appellant was denied the effective assistance of counsel under U.S. Const, AMS VI, XIV, in a post-appeal motion brought challenging his sentence hearing.  See App. 78-82.

IV.   The trial court err[ed] when it failed [to determine], in a post-appeal motion, that appella[n]t was denied a fair sentencing hearing when that hearing was based o[n] information that has been shown to be erroneous.

V.    Appellant has a constitutional right under U.S. Const. AM

          XIV to have successfully challeng[ed] information deleted from his [reports] submitted to the Department of Corrections.  See App 84-85.

VI.      The trial court denied appellant his due process rights when it refused to review and rule on appellant's post-appeal challenges to trial errors that were first raised on direct appeal, but subsequently raised in the post-appeal, under the Constitutional aspect appellate counsel failed to proffer on direct appeal.  See App. 85-86; App 14-23, incorporated by reference.

The Court denied the petition.  See Opinion and Order filed June 1, 2005.

Before the Court is Petitioner's motion for a certificate of appealability (COA), requesting a COA on only his first, third, and forth habeas claims.

II.

In order to appeal the Court's decision, a certificate of appealability (COA) must issue.  See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  120 S. Ct. at 1604.  The Supreme Court also explained that where the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).  The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v.

Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Where a Petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

Upon review of the record, reasonable jurists could not debate whether Petitioner is entitled to habeas relief based on his first habeas claims; however reasonable jurists could debate the Court's conclusion as to Petitioner's third and fourth claims. Accordingly, a certificate of appealability is GRANTED as to Petitioner's third and fourth habeas claims set forth as claims III. and IV. above.

SO ORDERED.

Dated: July 6, 2005

 s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, July 6, 2005, by electronic and/or ordinary mail.

 s/Julie Owens  
Case Manager, (313) 234-5160

3